# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 29, 2026

Lyle W. Cayce
Clerk

No. 25-10854
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TERRY GLENN EVANS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CR-200-1

Before SMITH, HIGGINSON, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Terry Glenn Evans pleaded guilty to possession of a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1). His predicate felony convictions include a Texas robbery conviction. On appeal, he argues that the statute of conviction violates the Commerce Clause and the Second Amendment, both on its face and as applied to him, in light of the test set

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-10854

forth in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). The Government has filed a motion for summary affirmance or, in the alternative, for an extension of time to file a brief. The motion for summary affirmance is unopposed: Evans concedes that his claims are foreclosed by precedent and asserts that he has raised them to preserve them for further review.

Evans correctly concedes that each argument is foreclosed. We have held that § 922(g)(1) does not violate the Second Amendment on its face. *See United States v. Diaz*, 116 F.4th 458, 471-72 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 2822 (2025). Additionally, Evans's Commerce Clause challenge is foreclosed. *See United States v. Alcantar*, 733 F.3d 143, 145–46 (5th Cir. 2013). Further, Evans's as-applied challenge fails on the basis of his predicate conviction for robbery. *See United States v. Schnur*, 132 F.4th 863, 870–71 (5th Cir. 2025).

Summary affirmance is appropriate in cases such as this, wherein "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the district court's judgment is AFFIRMED.